UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY LIETURE MOORE a/k/a
Sovereig King Yahweh,

        Plaintiff,

v.                                Case No. 3:18-cv-1457-J-39MCR

JULIE L. JONES, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Anthony Lieture Moore, a/k/a Sovereig[1] King Yahweh, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Complaint (Doc. 1; Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff has moved to proceed in forma pauperis (IFP) (Doc. 3; IFP Motion).[2] In his Complaint, Plaintiff complains of cruel and unusual punishment, denial of access to the Courts, obstruction of justice, denial of medical treatment for a serious medical need, and "misprison [sic] of treason with armed kidnapping with excessive use of force."

---

[1] It appears Plaintiff's identification of himself in the case caption includes a scrivener's error, omitting the "n" from the word "Sovereign." The Court styles the case as Plaintiff does in his Complaint. See Complaint at 1.

[2] Plaintiff also filed a Notice titled "Yahweh Sovereign Writ of Error Redemption" (Doc. 2), in which he seeks damages, immediate release from prison, and dental implants with diamonds.

Complaint at 6. He states that he is being held "hostage" in close management confinement after his legal work was confiscated and posted on the "market of book and things warehouse catalog" website. Id. at 7. He further alleges a "terrorist attack on" him by a correctional employee, though the facts supporting this allegation are vague. He reports that on December 5, 2018, an officer "slammed the cell door," apparently injuring his finger. Id. at 8.

Finally, Plaintiff references the PREA (Prison Rape Elimination Act) twice in his Complaint. First, he says that on February 26, 2018, unknown officers "[threw] all [his] property in the trash due to the Hate Crime Act Sexual harassment (PREA) Acts on me while using criminal convicts as Almanac Psychobabble psychodrama 24/7 Verbal Antagonisms attacks while saying 'hair cut' on the audio system." Id. at 7. Second, he asserts that he was "standing in [a] prison confinement cell naked this morning due to Sexual Predator Juvenile Sexual Offender John W. Palmer who [he has] repeatedly filed the (PREA) Act Violation against him and many sex offenders behind the cameras." Id. at 8.

Plaintiff provides numerous grievance documents in support of his Complaint (Doc. 1-1; Grievances). His grievances are difficult to understand, written in a disjointed, stream-of-consciousness

manner.³ In a grievance Plaintiff submitted on April 29, 2018, he references being threatened and assaulted by gang members, possibly at the encouragement of prison officials. Admittedly, his allegations are unclear. He states the following:

> [A]fter being given notice by several complaint letters and to Attorney General Ms. Pamela Jo Bondi and Jacksonville Division unknown named F.B.I. agents, Almanac officials & convicted criminals leader Jaquann Marcus Harvard DC #L66725 known drag Queen Homosexual with Willie Brown #D51585 being F.B.I. Agents leaders of many violent "Blood" Gang bangers inmates specifically, strategically placed in close management confinement B-Wing housing cells to impose a threat, intimidation, harassment, aggravated verbal battery and assaults on me while having Almanac law suit court proceeding while not releasing all previous law suit Settlement Agreements.

Grievances at 17.

After filing his Complaint, on December 13, 2018, Plaintiff filed a document titled "Yahweh Sovereign Writ of Order to Show Cause Why Temporary Restraining Order and Permanent Injunction and Decla[r]atory Judgment and Default Judgment" (Doc. 6; Injunction Motion). The basis for Plaintiff's Motion is unclear. It appears he states that he has suffered retaliation after a district judge in the United States District Court for the Southern District of Florida entered an order striking some of his filings because the case was closed. See Injunction Motion at 2. As an exhibit, he

---

³ Even the grievance responders advised him that his assertions were "so broad, general, and vague" that a direct response could not be provided. See Grievances at 5, 11, 15.

provides a copy of the order he references in the motion (Doc. 6-1).[4] He seeks an order directing

> all parties to stop using inmates for Almanac Inc. and Ex-F.B.I. Agents here at Florida State Prison from punishment adverse collateral actions against me by psychobabble, psychodrama, failure to transfer me, escort, transport convoye [sic] that I should have been granted due to medical health services Inc.

Id. He further states that he wants to get "away from around of this Mob Attack here at Florida State Prison." Id. He provides no explanation of what he means by "mob attack." Plaintiff also does not provide any explanation for the reference to "emotional distress" and "terrorist attacks" that he says are "being committed all day each day of verbal aggravated assault, battery" on him. Id. He says that he is "exhausted with this cruel and unusual punishment and [he] want[s] it to stop." Id. at 3. He states that he is "law enforcement and in [his] Sovereign Royalty," he should be treated as such. Id.

On December 17, 2018, Plaintiff filed another motion, titled "Yahweh Sovereign Writ of Error Corim [sic] Nobis" (Doc. 7; Second Injunction Motion). Plaintiff says that he has been retaliated against for filing "several cases," including this one, and he seeks to add new defendants to the Complaint. See Second Injunction Motion at 1, 2, 3. He asks the Court to enter "an Emergency

---

[4] The order Plaintiff references was issued in case number 09-22754-CIV-SEITZ/WHITE (Doc. 505), entered November 28, 2018.

Injunction and DeFault [sic] of Judgment on all Parties and Sanction for the Retaliation of Suffering Form Property Restriction." Id. at 6.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 ("[p]roceedings in forma pauperis") by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

This Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 03-12548-A (U.S.C.A 11th Cir.) (frivolous); (2) 3:12-cv-1267-J-20MCR (M.D. Fla.) (frivolous); (3) 13-20497-CV-LENARD/WHITE (S.D. Fla.) (failure to state a claim); (4) 14-11463-D (U.S.C.A. 11th Cir.) (frivolous); and (5) 17-11408-C (U.S.C.A. 11th Cir.) (frivolous).

5

Plaintiff's Complaint is subject to dismissal under the "three strikes" provision unless he demonstrates that he is under imminent danger of serious physical injury. See § 1915(g). While Plaintiff mentions a denial of medical treatment, references the PREA, and states that he has been assaulted and threatened, he does not allege that he is in imminent danger of serious physical injury, nor does he provide any facts that would support such a conclusion. For instance, despite asserting a claim for a denial of medical care, Plaintiff does not include any allegations in his Complaint of a medical need for which he has sought and been denied treatment. Cf. Brown v. Johnson, 387 F. 3d 1344, 1349-50 (11th Cir. 2004) (holding an inmate satisfied the imminent danger exception when he alleged a complete withdrawal of treatment and resulting serious complications). In fact, the only reference to a "serious medical need" is in the section of the complaint form labeled "Statement of Claim." See Complaint at 6.

As to Plaintiff's allegations of assault and battery, including possible sexual assault, he provides little to no explanation of any specific incident aside from having his finger slammed in a cell door on December 5, 2018, unknown officers throwing his property in the trash, and filing PREA complaints against John W. Palmer in the past. See id. at 8. Many of Plaintiff's allegations, including his reference to the PREA, a

"mob attack," and a "terrorist attack" are conclusory with no factual detail upon which the Court may conclude that he faces imminent danger of serious physical injury. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." Veteto v. Clerks, Judges & Justices of Ala. Courts, No. 2:17-CV-689-WHA, 2017 WL 6617051, at *2 (M.D. Ala. Oct. 19, 2017), report and recommendation adopted, No. 2:17-CV-689-WHA, 2018 WL 1004486 (M.D. Ala. Feb. 21, 2018) (quoting Niebla v. Walton Corr. Inst., No. 3:06cv275/LAC/EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)). "[V]ague allegations of harm and unspecific references to injury are insufficient." Niebla, 2006 WL 2051307, at *2 (citing White v. State of Colo., 157 F.3d 1226, 1231 (10th Cir. 1998)). Plaintiff asserts no facts to suggest that he is "experiencing ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of death or imminent serious physical injury." Id. As to Plaintiff's reference to the PREA, he does not assert any facts to suggest that he is in imminent harm of being raped.

Finally, to the extent Plaintiff references prior instances of excessive use of force or sexual assault, he has presented facts of a past danger only. To benefit from the imminent danger exception, a prisoner must allege that he faces a present danger,

7

not a past danger. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding allegations of a past injury are insufficient to satisfy the imminent danger exception).

Because Plaintiff has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice, and his Motions will be denied. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying $400.00 ($350.00 filing fee and $50.00 administrative fee).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 3) is **DENIED**. Plaintiff is a three-strikes litigant who has not alleged that he is in imminent danger of serious physical injury. See § 1915(g).

2. Plaintiff's Motion titled "Yahweh Sovereign Writ of Order to Show Cause Why Temporary Restraining Order and Permanent Injunction and Decla[r]atory Judgment and Default Judgment" (Doc. 6) is **DENIED.**

3. Plaintiff's Motion titled "Yahweh Sovereign Writ of Error Corim [sic] Nobis" (Doc. 7) is **DENIED.**

4. This case is hereby **DISMISSED without prejudice.**

5. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

6. In light of Plaintiff's allegations of "cruel and unusual punishment," attacks, and retaliation, the Court directs the **Clerk** to provide a copy of this Order and Plaintiff's Injunction Motions (Docs. 6, 7) to the Warden of Florida State Prison and to the Office of the Inspector General for any action or investigation deemed warranted.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of December, 2018.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Anthony Lieture Moore, #898246